ROBERT SIMMONS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Simmons v. Commissioner
Docket No. 26653-90
United States Tax Court
T.C. Memo 1993-50; 1993 Tax Ct. Memo LEXIS 51; 65 T.C.M. (CCH) 1887; February 9, 1993, Filed *51 Decision will be entered under Rule 155. Robert Simmons, pro se. For respondent: David B. Mora. CANTREL
CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 3,356 in petitioner's 1987 Federal income tax. The issue for decision is whether a lump-sum payment received by petitioner from the Civil Service Retirement System (CSRS) is includable in his gross income in the year it was distributed. [2]
*52 The facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Port Neches, Texas, at the time he filed his petition. Petitioner worked for the United States Postal Service from 1964 until his retirement on January 3, 1987, at age 62. Petitioner contributed $ 22,725 to the CSRS prior to his retirement, and received $ 32,167.54 from the CSRS during 1987, including a lump-sum distribution in the amount of $ 21,518.47 in May 1987 and annuity payments totaling $ 10,649.07, paid at the rate of $ 974 per month during 1987. On his individual Federal income tax return for the taxable year 1987, petitioner reported taxable income from his annuity in the amount of $ 10,649.07. He also attached Form 4972, Tax on Lump-Sum Distributions, reporting the $ 21,518 distribution under the 5-year averaging method. The tax on the lump-sum distribution reflected on Form 4972 is $ 1,545. On or about April 14, 1991, petitioner filed an Amended U.S. Individual Income Tax Return (Form 1040X), seeking a refund of the tax on the lump-sum distribution shown on the original return, stating that the distribution *53 was not subject to taxation in 1987 because "this was money that I had already paid tax on." Respondent determined that the $ 21,518 lump-sum distribution is includable in petitioner's gross income in 1987 as a partial distribution of petitioner's interest in the annuity plan, and therefore not subject to 5-year averaging. Respondent did not take into account petitioner's contributions to CSRS in computing the determined deficiency. Petitioner contends that the distribution represents a return of his previously taxed contributions to the CSRS, and therefore is not taxable income in 1987. He argues that taxing the distribution results in "double taxation" and is unconstitutional. Respondent, on the other hand, maintains that the distribution is includable in petitioner's gross income under sections 402(a) and 72(e)(2)(A). Section 402(a) provides that the amount distributed by any employee's trust described in section 401(a) which is exempt from tax under section 501(a) is taxable to the distributee in the year in which so distributed, "under section 72 (relating to annuities)." A lump-sum payment from the CSRS is a payment from a plan described in section 401(a), within the meaning *54 of section 402(a), and is treated as a payment under an annuity contract. Such payment is subject to tax as a payment received under an annuity contract which is "not received as an annuity" under section 72(e)(1)(A). , on appeal (5th Cir., Mar. 2, 1992); , affd. , cert. denied . Section 72(b) excludes from gross income that portion of distributions received as an annuity from a qualified trust, such as the CSRS, which bears the same ratio as the investment in the contract bears to the expected return under the contract. In , we held that section 72, and the manner provided therein for computing the part of each payment which constitutes a return of the annuitant's cost and the part which constitutes gain, is not unconstitutional. Petitioner's previously taxed contributions are not subjected to "double taxation" as petitioner contends; the exclusion *55 ratio provided in section 72(b) results in petitioner's contributions being excluded from his gross income over the entire period of the annuity. We hold that petitioner must include his lump-sum payment and his annuity in his gross income, but that he may exclude a portion of these distributions as allowed by section 72. . Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent's adjustments to petitioner's earned income credit and income tax due on Social Security benefits flow from respondent's determination that petitioner's gross income is increased by the amount of the lump-sum amount received in 1987, and will be resolved by resolution of this issue.↩